UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-7862-SVW-SH | Date | July 10, 2013 |
|---|---|---|---|
| Title | Ramona Arredondo v. Robert Schad, et al. | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     IN CHAMBERS ORDER Re JURISDICTION

   On August 14, 2012, plaintiff Ramona Arredondo ("Plaintiff") filed suit in Los Angeles County Superior Court against Robert Schad ("Schad") and Crest Office Furniture Co. ("Crest"; collectively, "Defendants"), alleging breach of contract and fiduciary duty, fraud, and negligent misrepresentation, among other claims. (Defendants' Notice of Removal ("NOR"), Ex. B ("Original Complaint")). Defendants removed the case on September 12, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. (NOR ¶ 6). This Court dismissed the Complaint without prejudice on January 8, 2013 for lack of subject matter jurisdiction when Plaintiff failed to answer the motion to dismiss within the required ten days. (Docket No. 13).

   Plaintiff filed a First Amended Complaint ("FAC") on January 28. (Docket No. 15). Defendants timely filed both an Answer and an Amended Answer. (Docket Nos. 22, 26). For the reasons set forth below, the Court now REMANDS this action to the Los Angeles County Superior Court of California.

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

   Plaintiff is a resident of California, currently living and conducting business in Los Angeles County. (FAC ¶ 1). Crest, a California corporation and Plaintiff's former employer, and Schad, a California resident and Crest's principal shareholder, also conduct business in Los Angeles County. (Id. at ¶ 2-3, 7-8).

   Plaintiff's initial Complaint alleged that Crest failed to provide her with adequate cash bonuses, as required by her employment agreement with the company, and stock bonuses, as required by her

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-7862-SVW-SH | Date | July 10, 2013 |
|---|---|---|---|
| Title | Ramona Arredondo v. Robert Schad, et al. | | |

Phantom Stock Deferred Compensation Plan ("Deferred Compensation Plan"). (Original Compl. ¶¶ 7-9). Plaintiff further alleged that Defendants withheld from her a proper corporate accounting with which she could determine the actual value of cash and stock owed to her. (Id. at ¶ 10).

Based on these allegations, the Complaint sets forth six claims against Defendants: (1) breach of contract; (2) breach of fiduciary duty; (3) fraud and concealment; (4) negligent misrepresentation; (5) withholding of Plaintiff's constructive trust; and (6) failure to provide an accurate corporate accounting. (Id. at ¶¶ 17-45). For claims one through four, Plaintiff requests actual damages; for claim 5, a restoration of the constructive trust; and for claim 6, a proper accounting of Crest's corporate assets. (Id. at 12:13-27). In addition, Plaintiff requests costs, fees, and interest. (Id. at 13:1-4). Because the Deferred Compensation Plan is an "employee pension benefit plan" within the meaning of the Employment Retirement Income and Security Act ("ERISA"), the claims in the Original Complaint were preempted by federal law and removal to this Court was proper. (NOR ¶ 5).

Alleging that Plaintiff's rights to the Deferred Compensation Plan were forfeited by her resignation from Crest and, as such, federal question jurisdiction was no longer valid, Defendants filed a motion to dismiss for lack of subject matter jurisdiction ("Motion"). (Motion 4:1-2). When Plaintiff failed to file an answer within the required ten-day period, this Court granted the Motion without prejudice. (Docket No. 13).

Plaintiff timely filed a First Amended Complaint, generally asserting the same six causes of action as were set forth in the Original Complaint. (FAC 11:15-27; 12: 1-7). The allegations contained therein, however, make no mention of the Deferred Compensation Plan; rather, they focus only on the cash bonuses stipulated to in the employment agreement. (Id. at ¶¶ 7-15). Defendants make note of this difference in asserting an affirmative defense of lack of subject matter jurisdiction. (Amended Ans. 5:1-2).

**II.     DISCUSSION**

This Court must remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Moreover, "federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 976 (9th Cir. 2012) (internal citations and quotation marks omitted). Thus, if at any time "a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 502, 126 S. Ct. 1235, 1237, 163 L. Ed. 2d 1097 (2006).

:

Initials of Preparer        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-7862-SVW-SH | Date | July 10, 2013 |
|---|---|---|---|
| Title | Ramona Arredondo v. Robert Schad, et al. | | |

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides for "federal-question" jurisdiction; Section 1332, "diversity jurisdiction." Absent one, the other is required for the court to have subject matter jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). In its notice of removal, Defendant asserted only that this Court has jurisdiction pursuant to Section 1331, federal question jurisdiction.

After this Court dismissed Plaintiff's original complaint for failing to file an opposition to Defendants' motion to dismiss, Plaintiff filed an amended complaint that asserts only state-law causes of action. (Docket No. 15) Moreover, the parties are not diverse. (Id. at ¶¶ 2-3). Thus, this Court does not have *either* federal question *or* diversity jurisdiction. Indeed, during this Court's status conference with the parties, Defendant conceded that this Court no longer has jurisdiction over Plaintiff's claims, and recommended dismissing the claim without prejudice. See also Gilmore v. Bank of New York, 2009 WL 2031736 at *1-2 (S.D. Cal. July 9, 2009) (holding that where a first amended complaint omitted the federal question claims put forth in the original complaint, remand of the remaining claims to state court was at the court's discretion and proper) (citing Harrell v. 20th Century Ins. Co., 934 F.2d 203 (9th Cir. 1991)).

Therefore, this Court DISMISSES Plaintiff's claim for LACK OF SUBJECT MATTER JURISDICTION, and REMANDS this action to state court.

### III.   CONCLUSION

For the reasons put forward in this Order, the Court REMANDS this action to the Los Angeles County Superior Court of California.

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |